**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7155**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TIMOTHY LAMONT MCMILLAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, Chief District Judge.  (7:10-cr-00114-BO-1; 7:15-cv-00040-BO)

Submitted:  December 20, 2018          Decided:  December 27, 2018

Before DIAZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Timothy Lamont McMillan, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Lamont McMillan has noted an appeal from the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for reduction of sentence and construing his self-styled "Motion to Dismiss Indictment and Void Judgment" filed pursuant to Fed. R. Civ. P. 60(b)(4) as a successive 28 U.S.C. § 2255 (2012) motion and dismissing it on this basis. We affirm in part and dismiss the appeal in part.

On appeal, we confine our review to the issues raised in the Appellant's briefs. *See* 4th Cir. R. 34(b). McMillan's informal briefs[*] do not challenge the district court's ruling denying his § 3582(c)(2) motion. McMillan thus has forfeited appellate review of that portion of the court's order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we affirm the district court's order in part.

With respect to the portion of the district court's order construing the motion to dismiss as a successive § 2255 motion and dismissing it, this portion of the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When

---

[*] McMillan has filed in this appeal both an informal brief and a self-styled "Motion to Dismiss Indictment and Void Judgment for Lack of Exclusive Legislative Jurisdiction and Subject Matter Jurisdiction" presenting arguments challenging his conviction. Although we deny the motion to dismiss, we treat it as an additional informal brief and have reviewed the arguments therein.

2

the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that McMillan has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal in part.

Additionally, we construe McMillan's notice of appeal and informal briefs as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). McMillan's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We deny McMillan's motion to dismiss indictment and void judgment and dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*